Michael A. McGill SBN 231613
mcgill@policeattorney.com
**LACKIE, DAMMEIER & MCGILL APC**
367 North Second Avenue
Upland, CA 91786
Telephone: (909) 985-4003
Facsimile: (909) 985-3299

Attorneys for Plaintiffs
GUADULUPE POLICE
OFFICER'S ASSOCIATION

FILED
CLERK, U.S. DISTRICT COURT
OCT 26 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUADALUPE POLICE OFFICER'S ASSOCIATION,

    Plaintiff,

vs.

CITY OF GUADULUPE, a municipal corporation; GUADULUPE POLICE DEPARTMENT, an agency; GEORGE MITCHELL, individually and in his official capacity; and DOES 1 THROUGH 10 inclusive,

    Defendants.

Case No. **CV10-8061**

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF CIVIL RIGHTS AND LIBERTIES**

*[42 U.S.C. §1983]*

## I.

## PREFATORY

1. This case involves the unlawful attempt by a public employer to stop its employees from exercising their constitutionally protected right to free speech and their right to seek redress. Abruptly, the City of Guadalupe and the Guadalupe Police Department by and through its Chief of Police, George Mitchell, unilaterally issued a special order, made applicable to the Guadalupe Police Officer's Association and its members, prohibiting them from exercising their constitutional

rights. The order prohibits, among other things, the members from exercising their right to engage in political and social speech and from engaging in union activities. Accordingly, Plaintiff has brought this claim seeking damages, declaratory and injunctive relief authorized by 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202 to redress the deprivation of rights, privileges, and immunities arising under the United States Constitution.

## II.

## JURISDICTION AND VENUE

2.      Plaintiff's action is authorized by 42 U.S.C. §1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. §1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. §1343(4), providing for the protection of civil rights. This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the City of Culver City, within the Central District.

## III.

## PARTIES

3.      Plaintiff GUADULUPE POLICE OFFICER'S ASSOCIATION (GPOA) is an association of employees employed by the City of Guadalupe, working within Guadalupe Police Department. GPOA constitutes the majority of represented employees holding the classification of police officer, and as such has been recognized by the City as the exclusive bargaining unit for the purposes of the parties meeting their respective obligations under the current memorandum of

understanding and other applicable rules, regulations and laws. GPOA is a law enforcement association, dedicated to protecting and preserving the public of Guadalupe. GPOA may sue and be sued in its own name.

4. The CITY OF GUADULUPE (hereinafter referred to as "City") is a duly enacted municipality operating under the laws of the State of California. At all times relevant herein, the City was the employer of all members of GPOA. At all times, Defendant GEORGE MITCHELL (hereinafter referred to as "Mitchell") was the Chief of Police. As the Chief of Police, Mitchell is the highest ranking sworn official for the City and the head of this law enforcement department. At all times and as the department head, Mitchell is vested with complete control of the police department and charged with managing and setting policy within the police department. The City vests with Mitchell the authority to generate and set general orders as such policy.

5. Defendant DOES 1 through 10, (DOES) inclusive, are not known or identified at this time. On information and belief, Plaintiff alleges that each DOE is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 through 10.

## IV.
## FACTS COMMON TO ALL COUNTS

6. In or about 2010, the City and Mitchell issued an order to all employees of the Police Department, including Plaintiff's members. The Order explained that it was implementing immediately a new Policy, Policy No. 1058. The new policy, Policy No. 1058, reads as follows:

**Guadalupe Police Department, Policy No. 1058**

## Employee Speech, Expression and Social Networking

**1058.1 PURPOSE AND SCOPE**

This policy is intended to address issues associated with employees use of social networking sites and to provide guidelines for the regulation and balance of employee speech and expression with the legitimate needs the department. Nothing in this policy is intended to prohibit or infringe upon any employees' communication, speech or expression which has been clearly established as protected or privileged.

**1058.1 APPLICABILITY**

This policy applied to all forms of communication including but not limited to film, video, print media, public or private speech, use of all Internet services, including World Wide Web, e-mail, file transfer, remote computer access, news services, social networking, social media, instant messaging, blogs, forums, wikis, video and other file sharing sites.

**1058.2 POLICY**

Public employees occupy a trusted position in the community, and thus, their statements have the potential to contravene the polices and performance of this department. Due to the nature of the work and influence associated with the law enforcement profession, it is necessary that employees of this department be subject to certain reasonable limitations on their speech and expression. To achieve its mission and efficiently provide service to the public, the Guadalupe Police Department will carefully balance the individual employee's rights against the Department's needs and interests when exercising a reasonable degree of control over its employees' speech

and expression.

**1058.3 SAFETY**

Employees should carefully consider the implications of their speech or any other form of expression when using the Internet. Speech and expression that may negatively affect the safety of the Guadalupe Department employees, such as posting personal information in a public forum, can result in compromising an employee's home address of family ties. Employees should therefore not disseminate or post any information on any forum or medium that could reasonably be expected to compromise that safety or privacy of any employees, employee's family or associates.

**1058.4 PROHIBITED SPEECH, EXPRESSION AND CONDUCT**

In order to meet the Department's safety performance and public-trust needs, the following are prohibited:

(a) Speech or expression made pursuant to an official duty tends to compromise or damage the mission, function, reputation or professionalism of the Guadalupe Police Department or its employees.

(b) Speech or expression that, while not made pursuant to an official duty, is significantly linked to, or related to, the Guadalupe Police Department and tends to compromise or damage the mission, function, reputation or professionalism of the Guadalupe Police Department or its employees.

(c) Speech or expression that could reasonably be foreseen as creating a negative impact on the credibility of the employee as a witness. For example, posting statements or expressions to a website that glorify or endorse dishonesty or illegal behavior.

(d) Speech or expression of any form that could reasonably be foreseen as creating a negative impact on the safety of the employees of the Department. For example, a statement on a blog that provides specific details as to how and when prisoner transportation are made could reasonably be foreseen to jeopardize employees by informing criminals of details that could facilitate an escape or attempted escape.

(e) Speech or expression that is contrary to the canons of the Law Enforcement Code of Ethics as adopted by the Guadalupe Police Department.

(f) Disclosure, through whatever means, of any information, photograph, video or other recording obtained or accessible as a result of employment with the Department for financial gain, or any disclosure of such materials without the expressed authorization of the Chief of Police of his/her designee. (Penal Code § 146g)

(g) Posting, transmitting or disseminating any photographs, video or audio recordings, likeness or images or department logos, emblems. uniforms, badges, patches, marked vehicles, equipment or other material that specifically indentifies the Guadalupe Police Department on any personal or social networking or other website or web page, without the express written permission of the Chief.

(h) Failure to take reasonable and prompt action to remove any content that is in violation of this policy and/or posted by others from any web page or website maintained by the employee (e.g., social or personal website).

(i) Accessing websites for non-authorized purposes, or use of any personal communication device, game device or media device,

whether personally or department owned, for personal purposes while on-duty, except in the following circumstances:

1. When brief personal communications may be warranted by the circumstances (e.g., inform family of extended hours.)

2. During authorized breaks, however, such usage should be limited as much as practicable to areas out of sight and sound of the public and shall not be disruptive to the work environment.

**1058.4.1 UNAUTHORIZED ENDORSEMENTS AND ADVERTISEMENTS**

Unless specifically authorized by the Chief, employees may not represent the Guadalupe Police Department or identify themselves in any way as being affiliated with the Guadalupe PoliceDepartment in order to do any of the following (Government Code §3206 and 3302):

(a) Endorse, support, oppose or contradict any political campaign or initiative.

(b) Endorse, support, oppose or contradict any social issue, cause or religion.

(c) Endorse, support, oppose any product, service, company or other commercial entity.

(d) Appear in any commercial, social or nonprofit publication or any motion picture, film, video, public broadcast or any website.

Additionally, when it can reasonably be construed that an employee, acting in his/her individual capacity or through some unofficial group or organization (e.g. bargaining group, etc.), is affiliated with this department, the employee shall give a specific disclaiming statement

Case 2:10-cv-08061-GAF-FFM   Document 1   Filed 10/26/10   Page 8 of 17   Page ID #:8

that any such speech or expression is not representative of the Guadalupe Police Department.

Employees retain their right to vote as they choose, to support candidates of their choice and to express their opinions on political subjects and candidates at all times while off-duty. However, employees may not use their official authority or influence to interfere with or affect the result of an election or a nomination for office. Employees are also prohibited from directly or indirectly using their official authority to coerce, command or advise another employee to pay, lend or contribute anything of value to a party, committee, organization, agency or person for political purposes (5 USC § 1502).

**1058.5 PRIVACY EXPECTATION**

Employees forfeit any expectation of privacy with regard to anything published or maintained through file-sharing software or any Internet site open to the public view (e.g., Facebook, MySpace, etc.).

The Department also reserves the right to access, audit and disclose for whatever reason all messages, including attachments, and any information transmitted over any technology that is issued or maintained by the department, including the department e-mail system, computer network or any information placed into storage on any department system or device.

All messages, pictures and attachments transmitted, accessed or received over department networks are considered department records and therefore, are the property of the Department. The Department reserves the right to access, audit and disclose for whatever reason all messages, including attachments, that have been transmitted, accessed or received through any department system or device. This includes

COMPLAINT FOR DAMAGES

8

records of all keys strokes or web-browsing history made at any department computer or over any department network. The fact that access to a database, service or website requires a user name or password will not create an expectation of privacy if accessed through a department computer or network.

## V.

## FIRST CAUSE OF ACTION

42 U.S.C. §1983 – The First Amendment

8. Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

9. Plaintiff seeks relief on the grounds that the aforementioned Policy No. 1058 violates the First Amendment to the United States Constitution, insofar as it prohibits Plaintiff and its members, whether in their capacity as a citizen or as an employee, from speaking on matters protected by the First Amendment. Policy No. 1058 is designed to and actually does prevent the Association from lawfully engaging in a myriad of protected speech and activities.

10. Defendants have no legitimate or compelling interest that makes this Policy necessary. The speech activities Defendants seek to restrain pose no clear and present danger or serious and imminent threat to a protected competing interest. Said Policy is not narrowly tailored to protect any of the interests Defendants has set forth as any possible justification for enacting it, and there are less restrictive alternative means available to protect any interests. The memorandum is an unconstitutional prior restraint on speech and violates the First Amendment.

11. In doing the things alleged herein, Defendants have violated, and continue to violate, the rights of Plaintiff and its members under the First and Fourteenth Amendments to the United States Constitution to free expression,

association, and assembly.  The acts and omissions of Defendants in promulgating and enforcing said Policy were done by Defendants under color of state law in its capacity as a municipality chartered under state law, and by and through its policy making authorities to which Defendant delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.  The aforementioned acts and omissions of Defendants were taken by its official policy makers charged with such responsibility.  It was or should have been plainly obvious to any reasonable policy making official of Defendants that the acts and omissions of Defendants as alleged herein, taking singly or in conjunction, directly violated and continue to violate Plaintiff's clearly established constitutional and statutory rights.

12. Defendants, acting under color of state law, have engaged in a citywide policy and practice that has deprived Plaintiff and its members, as well as all other employees, of rights, privileges, and immunities secured by the United States Constitution.

13. As a direct and proximate consequence of the enforcement of the Policy, Plaintiff has suffered and are suffering and will continue to suffer irreparable injury if declaratory and injunctive relief is not granted.  No plain, speedy, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs alleged herein.

14. In addition, the Policy is, on its face, and as applied in this case, overbroad, impermissibly vague and subject to abuse.  This Policy effectively grants unbridled discretion to City officials as to its application and it therefore, violates the First and Fourteenth Amendments of the United States Constitution.

15. The Policy and Defendants' enforcement thereof:

a. are vague and overbroad;

b. single out "constitutionally-protected specific content" speech for discriminatory treatment;

c. discriminate against speech because of its content;

d. discriminate against speech on the basis of the speaker's viewpoint, and position of employment;

e. restrain constitutionally protected speech in advance of its expression, with virtually no guidelines or standards to guide the discretion of city officials charged with enforcing the memorandum;

f. chill the free speech, free association, and free assembly rights of Plaintiff's members, and

g. allow the exercise of unbridled discretion.

16. Defendants' Policy and the enforcement thereof thus violate the First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

## SECOND CAUSE OF ACTION

42 U.S.C. §1983 – The Equal Protection Clause

17. Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

18. Under the Policy, Defendants have excluded non-LAPPOA members from their communication ban.

19. Defendants' enforcement of the memorandum treats Plaintiff and its members, and all other employees and citizens, differently than other similarly situated individuals, based on their content, viewpoint of the expression, and employment status. In addition, since Defendants' actions impact Plaintiffs' Free Speech and Association rights, a fundament constitutional right is implicated.

20. Defendants have no rational, legitimate or compelling reason that would justify their disparate treatment of Plaintiffs.

21. The Policy and Defendants' enforcement thereof therefore violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION

42 U.S.C. §1983 – The Due Process Clause

22. Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

23. The Policy is vague and lacks sufficient objective standards to curtail the discretion of City officials, which allows Defendants to enforce the policies in an ad hoc and discriminatory manner.

24. Defendants have no compelling reason that would justify its censorship of Plaintiffs' speech.

25. The Policy and Defendants' enforcement thereof therefore violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### VI.

### PRAYER

WHEREFORE, Plaintiff prays:

A. That this Court declare that Defendants have denied Plaintiff and its members the rights guaranteed by the First and Fourteenth Amendments to the United States Constitution and further declare that the Policy, or specific portions thereof, as is invalid and unconstitutional insofar as it precludes Plaintiff and its members from exercising their fundamental constitutional rights;

B. That this Court issue Temporary, Preliminary and Permanent Injunctions enjoining Defendants, Defendants' agents, employees, and all persons

in active concert or participation with them, from violating Plaintiffs' constitutional rights by enforcing the aforementioned Policy;

    C.    That this Court render a Declaratory Judgment declaring that Defendants' Policy and Defendants' practice of selectively banning free expression, association and assembly, violates the First and Fourteenth Amendments to the United States Constitution;

    D.    Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment;

    E.    Retain jurisdiction of this matter for the purpose of enforcing this Court's order;

    F.    Grant Plaintiff an award of damages;

    G.    Grant Plaintiff reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. §1988; and

    H.    Grant such other and further relief as this Court deems just and proper.

Dated: October 25, 2010

Respectfully submitted,

LACKIE, DAMMEIER & MCGILL APC

_____
Michael A. McGill,
Attorneys for Plaintiffs,
GUADULUPE POLICE OFFICER'S ASSOCIATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

```
CV10- 8061 GAF (FFMx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Michael A. McGill, SBN 231613
LACKIE DAMMEIER & MCGILL, APC
367 N. Second Avenue
Upland, CA 91786
Phone: 909-985-4003  Fax: 909-985-3299

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| GUADALUPE POLICE OFFICER'S ASSOCIATION | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV10-8061 GAF (FFMx) |
| CITY OF GUADALUPE, a municipal corporation; GUADALUPE POLICE DEPARTMENT an agency; GEORGE MITCHELL, individually and in his Official & Does 1-10  DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): CITY OF GUADALUPE, a municipal corporation; GUADALUPE POLICE DEPARTMENT, an agency; GEORGE MITCHELL, individually and in his official capacity

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Michael A. McGill_, whose address is _367 N. Second Avenue, Upland, CA 91786_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __10-26-10__     By: _[signature] M. Grant_
                              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
GUADALUPE POLICE OFFICER'S ASSOCIATION

**DEFENDANTS**
CITY OF GUADALUPE, a municipal corporation; GUADALUPE POLICE DEPARTMENT, an agency; GEORGE MITCHELL, individually and in his official capacity; and DOES 1 THROUGH 10 inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael A. McGill    Tel: (909) 985-4003
LACKIE, DAMMEIER & MCGILL, APC
367 N. Second Ave., Upland, CA 91786

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C Section 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV10-8061**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date October 26, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |